UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                      Case No. 25-cr-79

STEVEN J. REZMER,

        Defendant.

## PLEA AGREEMENT

1. The United States of America, by its attorneys, Richard G. Frohling, Acting United States Attorney for the Eastern District of Wisconsin, and Abbey M. Marzick, Assistant United States Attorney, and the defendant, Steven J. Rezmer, individually and by attorney Pat Cafferty, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2. The defendant has been charged in a one-count information, which alleges a violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

3. The defendant has read and fully understands the charge contained in the information. He fully understands the nature and elements of the crime with which he has been charged, and the charge and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to waive prosecution by indictment in open court.

5. The defendant voluntarily agrees to plead guilty to the information in full, set forth as follows:

### THE UNITED STATES ATTORNEY CHARGES THAT:

1. On or about January 17, 2024, in the State and Eastern District of Wisconsin and elsewhere,

### STEVEN J. REZMER

knowingly possessed matter that contained images of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), which had been mailed, shipped, and transported using a means and facility of interstate and foreign commerce, and that was produced using materials that had been mailed, shipped, and transported by a means of interstate and foreign commerce, including by computer.

2. The child pornography possessed by the defendant included a digital video identified by the following partial file name:

| Partial File Name | Description |
|---|---|
| (crozenn)0.avi | A full color video approximately one minute and 11 seconds long, depicting a blonde-haired female child facing a camera with a red flag and the title "crozennn" in green lettering overlaying the top left corner of the video. A brown box with the word "zoom" in white lettering overlaying the top right corner of the video. The female appears to be approximately 11 to 15 years of age, with braces and wearing a thin strapped white tank top. During the video, the camera angled down to display that the child was not wearing clothing from the waist down. The child's naked vagina was visible. The video cut to an image of the child laying on her back, unclothed, visible from the bottom of her breast to her knee. The child was manipulating her vagina. The child had no visible pubic hair. The child's breasts appeared to be developing. The facial features and child's body development were consistent with a pubescent child. |

All in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

6. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 5. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the facts in Attachment A beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt. This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

## PENALTIES

7. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fine: 20 years' imprisonment and a $250,000 fine. The count also carries a mandatory special assessment of $100, at least 5 years of supervised release, and a maximum of a lifetime on supervised release. The parties further recognize that a restitution order may be entered by the court.

8. If the court determines that the defendant is non-indigent, the court must impose a $5,000 special assessment on Count One pursuant to 18 U.S.C. 3014 (a)(3).

9. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## ELEMENTS

10. The parties understand and agree that in order to sustain the charge of possession of child pornography, the government must prove each of the following propositions beyond a reasonable doubt:

First, the defendant knowingly possessed or accessed with intent to view any visual depiction; and

Second, the visual depiction is child pornography; and

Third, the defendant knew that one or more persons depicted were under the age of eighteen years old; and

Fourth, the material identified in the information had been mailed, shipped, or produced using materials that have been mailed, shipped, or transported in a manner affecting interstate or foreign commerce.

4

## SENTENCING PROVISIONS

11. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

12. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

13. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 4. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

14. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

### Sentencing Guidelines Calculations

15. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false,

incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

16. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

## Base Offense Level

17. The parties acknowledge and understand that the government will recommend to the sentencing court that the applicable base offense level for the offense charged in Count One is 18 under Sentencing Guidelines Manual § 2G2.2(a)(1).

## Specific Offense Characteristics

18. The parties acknowledge and understand that the government will recommend to the sentencing court that a two-level increase for use of a computer applies under Sentencing Guidelines Manual § 2G2.2(b)(6). The parties further acknowledge and understand that the government will recommend to the sentencing court that a five-level increase for over 600 images applies under Sentencing Guidelines Manual § 2G2.2(b)(7)(D).

## Acceptance of Responsibility

19. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level

decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

## Sentencing Recommendations

20. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

21. Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

22. The parties agree that they will make a joint recommendation at sentencing for a total term of 48 months' imprisonment.

## Court's Determinations at Sentencing

23. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

24. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

25. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

26. The defendant agrees to provide to the Financial Litigation Program (FLP) of the United States Attorney's Office, upon request of the FLP during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLP and any documentation required by the form.

### Special Assessment

27. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

### Restitution

28. The defendant agrees to pay restitution to the victim, pursuant to 18 U.S.C. §§ 3663, 3663A, and 3771. Defendant agrees to pay full restitution comprising all proven losses caused by the offense of conviction and relevant conduct to the victim regardless of the counts of conviction. The defendant agrees that restitution imposed by the Court will be due and payable immediately and that the defendant will not attempt to avoid or delay payment. The defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution

8

order imposed by the Court. A restitution amount in excess of what the defendant believes is appropriate will not be a basis for his withdrawal from this agreement.

29. The defendant understands that because restitution for the offense is mandatory, the amount of restitution shall be imposed by the court regardless of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The defendant understands the imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

30. Pursuant to 18 U.S.C. § 3663, the defendant agrees to the entry of a Restitution Order for the full amount of the victim's losses. The defendant agrees that the minor victim is properly considered a "crime victim" under 18 U.S.C. § 3771 and are therefore afforded all enumerated rights under that section. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victim's losses are not ascertainable on the day of sentencing.

## DEFENDANT'S WAIVER OF RIGHTS

31. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

   a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is

9

  presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

  c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

  d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

  e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

32. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

33. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

34. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the

entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

35. Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his sentence and further waives his right to challenge his convictions or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. As used in this paragraph, the term "sentence" means any term of imprisonment, term of supervised release, term of probation, supervised release condition, fine, forfeiture order, and restitution order. The defendant's waiver of appeal and post-conviction challenges includes the waiver of any claim that (1) the statutes or Sentencing Guidelines under which the defendant is convicted or sentenced are unconstitutional, and (2) the conduct to which the defendant has admitted does not fall within the scope of the statutes or Sentencing Guidelines. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, such as race, religion, or sex, (3) ineffective assistance of counsel in connection with the negotiation of the plea agreement or sentencing, or (4) a claim that the plea agreement was entered involuntarily.

## MISCELLANEOUS MATTERS

36. Pursuant to 18 U.S.C. § 3583(d), the defendant has been advised and understands the court shall order as a mandatory condition of supervised release, that the defendant comply with state sex offender registration requirements. The defendant also has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: the location of his residence; the location of his employment; and, if he is a student, the location of his school. Registration will require that the defendant provide information that includes, name, residence

address, and the names and addresses of any places at which he will be an employee or a student. The defendant understands that he must update his registration not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations may subject him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine and/or imprisonment.

## GENERAL MATTERS

37. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

38. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

39. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing.

## VOLUNTARINESS OF DEFENDANT'S PLEA

40. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

13

Case 2:25-cr-00079-JPS    Filed 05/01/25    Page 13 of 16    Document 2

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 5/1/25

_____
STEVEN J. REZMER
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 5/1/25

_____
PAT CAFFERTY
Attorney for Defendant

For the United States of America:

Date: 5/1/25

_____
RICHARD J. FROHLING
Acting United States Attorney

Date: 5/1/25

_____
ABBEY M. MARZICK
Assistant United States Attorney

14

*United States v. Steven J. Rezmer*, EDWI Case No. 22-CR-

## ATTACHMENT A

**Summary of facts**

a.  December 8, 2023, a federal law enforcement agent with FBI was conducting an online investigation on the BitTorrent network for offenders sharing child pornography (child sexual abuse material, or CSAM). The agent's attention was directed to IP address 184.55.81.1XX because it was associated with a shared torrent which contained at least one CSAM file. Using a computer running the investigative BitTorrent software, a direct connection was made to the device at that IP address and a successful download was completed of partial file name (crozennn)0.avi. The hash value of that image was previously reported to the National Center for Missing and Exploited Children (NCMEC) as containing an identified child victim. The device that IP address was the sole candidate for the download, and the file was downloaded directly from that IP address to the computer running the investigative BitTorrent software. The full file is described as follows: A full color video approximately one minute and 11 seconds long, depicting a blonde-haired female child facing a camera with a red flag and the title "crozennn" in green lettering overlaying the top left corner of the video. A brown box with the word "zoom" in white lettering overlaying the top right corner of the video. The female was approximately 11 to 15 years of age, with braces and wearing a thin strapped white tank top. During the video, the camera angled down to display that the child was not wearing clothing from the waist down. The child's vagina was visible. The video cut to an image of the child laying on her back, unclothed, visible from the bottom of her breast to her knee. The child was manipulating her vagina. The child had no visible pubic hair. The child's breasts appeared to be developing. The facial features and child's body development were consistent with a pubescent child. The same file was distributed again from the same IP address on December 9, 2023, December 10, 2023, December 11, 2023, December 12, 2023, and December 16, 2023. This is consistent with a device at that IP address operating BitTorrent software and maintaining a copy of the file on storage within the device.

b.  An admin subpoena to Charter Communications showed that the subscriber for the IP address for the above dates was "Steve Rezmer" at 12XX 42nd Avenue in Kenosha, WI. Additional investigation and surveillance showed that Rezmer and his wife reside at that house with their young children.

c.  On June 5, 2025, a federal search warrant was executed on Rezmer's home. The home internet was password protected. Numerous devices were recovered, including a Dell desktop computer from the home office area located within the primary suite. The Dell desktop computer was forensically downloaded. There were two user profiles: one for Rezmer's wife (consistent with her name) and "Steve." Rezmer's wife was on scene when the warrant was executed. She told agents that she knew her own profile password to that computer, but did not know her husband's password. Rezmer's wife told agents that no other adults reside in the home and she could not recall any specific occasions where they had overnight guests in 2022 and 2023.

d. Agents also conducted a non-custodial interview of Rezmer on the day of the search warrant. Rezmer told agents that he has never heard of BitTorrent and denied using it. He also said that his home's internet was not password protected (contrary to agent observations and Rezmer's wife statement) and that "anyone" could use it. Rezmer also could not recall any overnight guests at his house in 2022 or 2023.

e. The Dell desktop computer was forensically reviewed. 58 known CSAM files (41 images and 17 videos) were recovered from the computer. All of those files were associated with the "Steve" user account at the file path "OS\Users\Steve\Downloads." The above-described video was found. The last accessed date was January 17, 2024.

f. Programs installed to the "Steve" user profile included BitTorrent version 7.11. The program was last updated on May 11, 2024.

g. The computer used to download, view, and access the CSAM had been mailed, shipped, or produced using materials that have been mailed, shipped, or transported in a manner affecting interstate or foreign commerce